UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| TIM BUGNO and CYNTHIA BUGNO, )<br>                               )<br>    Plaintiffs,               )<br>                               )<br>  v.                             )<br>                               )<br>STATE FARM FIRE AND CASUALTY CO., )<br>                               )<br>    Defendant.              ) | CIVIL NO.   2:13cv382 |

OPINION AND ORDER

This matter is before the court on a motion for involuntary dismissal, filed by the defendant State Farm Fire and Casualty Company ("State Farm"), on January 17, 2014. The plaintiffs, Tim Bugno and Cynthia Bugno, proceeding *pro se*, have not filed a response even though on January 21, 2014, the court entered an order pursuant to *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982), advising the plaintiffs of the necessity of filing a response.

For the following reasons, the motion for involuntary dismissal will be granted.

Discussion

This case was initiated by Plaintiffs against State Farm, and State Farm agent, David Wertz on January 7, 2013, in the Lake Circuit Court, Lake County, Indiana under Cause No. 45C01-1301- CT-00001. At that time, Plaintiffs were represented by attorney Beth Brown. Plaintiffs responded to Defendants' discovery requests on May 24, 2013, and this was the last action taken by Plaintiffs in this matter. Plaintiffs' counsel, Beth Brown withdrew her appearance on June 18, 2013, and the court dismissed attorney Brown on June 26, 2013.

On July 18, 2013, Defendant, David Wertz filed his motion for summary judgment. Plaintiffs failed to respond to Defendant's motion. The court set the motion for hearing on Defendant's motion for summary judgment on October 1, 2013. Plaintiffs failed to appear for the

hearing. After Plaintiffs did not respond to Defendant's motion, or appear at the hearing, the court granted Defendant Wertz' motion for summary judgment on October 1, 2013.

As the only remaining Defendant, State Farm removed the action to this court on October 22, 2013 pursuant to the federal jurisdictional basis of diversity of citizenship under 28 U.S.C. §1332. No action has been taken by the Plaintiffs in this matter since the case was removed, and the last action taken by Plaintiffs in this matter was on May 24, 2013.

If the plaintiff fails to prosecute a cause of action, a defendant may move to dismiss any action against it. Fed. R. Civ. P. 41(b). It is within the discretion of this court to dismiss Plaintiffs' claims for failure to prosecute. *Link v. Wabash*, 370 U.S. 626, 629-31 (U.S. 1962). "The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Id.* The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts. *Id.* On review, a ruling granting such a motion will not be disturbed in the absence of an abuse of discretion. *Jafree v. Scott*, 590 F.2d 209, 212 (7th Cir. 1978).

Clearly, in the present case, Plaintiffs' claim is properly dismissed for failure to prosecute under Fed. R. Civ. P. 41(b) because Plaintiffs have taken no action in this matter since May 24, 2013. Plaintiffs' counsel, Beth Brown withdrew her appearance on June 18, 2013, and the court dismissed attorney Brown on June 26, 2013. Likewise, Plaintiffs failed to respond to Defendant Wertz' motion for summary judgment, and failed to appear for the hearing on that motion. There is no indication in the record that Plaintiffs have made any effort to secure new counsel and the record is replete with evidence supporting dismissal for lack of prosecution pursuant to Fed. R.

Civ. P. 41(b). *See Locascio v. Teletype Corp.*, 694 F.2d 497, 498-99 (7th Cir.1982)(affirming involuntary dismissal pursuant to Rule 41(b) and holding that the record indicated a lack of prosecutive intent where plaintiffs gave no indication of efforts secure trial counsel or that they wished to proceed pro se).

Accordingly, since Plaintiffs have failed to prosecute this action and have taken absolutely no action in this matter since May 24, 2013, involuntary dismissal for failure to prosecute under Fed. R. Civ. P. 41(b) is proper.

## Conclusion

On the basis of the foregoing, State Farm's motion for involuntary dismissal [DE 12] is hereby GRANTED.

Entered: February 25, 2014.

>                    s/ William C. Lee
>                    William C. Lee, Judge
>                    United States District Court